

# The Attorney General of Texas

November 8, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert B. Hall
Executive Director
Texas Board of Examiners in the
 Fitting and Dispensing of Hearing
 Aids
Penthouse Apts., Suite 105
1212 Guadalupe
Austin, Texas 78701

Opinion No. MW-79

Re: Scope of temporary training permits under article 4566, V.T.C.S., which relates to fitting and dispensing of hearing aids.

Dear Mr. Hall:

You have asked whether it is appropriate under the facts you present for the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids [hereinafter referred to as Board] to issue temporary training permits. You state the following facts: factory representatives for out-of-state hearing aid manufacturers have sought temporary training permits for the purpose of promoting their product by the fitting and dispensing of hearing aids out of the retail establishments of licensed dealers in Texas. We are informed that these individuals are trained professionals and are paid a commission on their sales. The representatives travel from city to city to hold "Open House" in the businesses of licensees who act as sponsors. They are advertised as expert and experienced in their field.

You ask four questions.

> 1. Does the Temporary Training Permit allow its holder to fit and dispense hearing aids according to our law?

The Board is established and acts pursuant to article 4566, V.T.C.S. Every person desiring to engage in the fitting and dispensing of hearing aids is required to pass an examination given by the Board. Art. 4566-1.06(a), V.T.C.S. Those licensed in other states having requirements equivalent or higher than those in Texas may be granted a license without taking the examination under the reciprocal licensing provisions. Art. 4566-1.08, V.T.C.S

Article 4566-1.09 permits the issuance of temporary training permits to those who have never taken the examination and who have never

previously had a training permit. Id. subsec. (a). The application for a temporary permit must be accompanied by an affidavit from a person duly licensed and qualified to fit and dispense hearing aids. Id. subsec. (b). The affidavit must state that the applicant for the temporary permit will be supervised in all work done by the applicant. A temporary training permit is defined as

> a permit issued by the Board to persons authorized to fit and dispense hearing aids only under the supervision of a person who holds a license under this Act.

Art. 4566-1.01(c), V.T.C.S. Thus, in answer to your first question, a holder of a temporary permit is authorized to fit and dispense hearing aids if done with supervision.

> 2. Can factory representatives secure a Temporary Training Permit for the purpose of holding three day 'Open House' meetings in different locations over the State?

Article 4566-1.09, V.T.C.S., authorizes the issuance of a temporary training permit to "any person applying to the Board" who fulfills stated requirements. The law does not require that the permit holder enroll in a training program but only that he work under the supervision of a licensee. V.T.C.S. arts. 4566-1.01(c); 4566-1.09(b). Consequently, we believe the permit may be issued to a factory representative complying with the statute and the representative may use it while holding open houses and working at all times under the supervision of the affiant who supported his application. The temporary training permit becomes void at the end of six months unless extended for an additional period not to exceed six months.

> 3. Our application requires the applicant for a Temporary Training Permit to declare his intent to take the State examination. Does our law require the applicant who has stated his 'intention' to take the State examination to follow through and actually take the examination?

We believe that the Board would have no authority to compel an individual to take the examination although the Board may enjoin his dispensing of hearing aids without a license. U.S. Const. amend. XIII; V.T.C.S. arts. 4566-1.04(e), 4566-1.06.

> 4. Can a factory representative hold himself out in public advertising as being an 'expert' in the fitting and dispensing of hearing aids even though he holds only a temporary license?

The licensing law contains no provisions relating to the advertisement of a licensee as an expert. Cf. V.T.C.S. art. 4566-1.15(a)(5) (prohibition against unlicensed person holding out as authorized to fit hearing aids). The Deceptive Trade Practices Act prohibits false representations concerning the quality of services. Bus. & Comm. Code § 17.46(b)(7). Whether an individual may truthfully advertise himself as an expert in the

fitting and dispensing of hearing aids depends on his qualifications. Cf. United States Fidelity & Guaranty Co. v. Rochester, 281 S.W. 306 (Tex. Civ. App. — Fort Worth 1926, no writ) (definition of expert witness). The fact that an individual held a temporary training license would be relevant to a decision whether he is an expert, but we do not believe it is dispositive of the issue. If a factory representative were in fact an expert in the fitting and dispensing of hearing aids, his possession of a temporary license would not bar him from advertising himself as an expert.

## SUMMARY

Manufacturer's representatives may obtain temporary training permits for the purpose of transacting promotional sales.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
and Susan Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood